Leroy Hodge and Elizabeth Hodge v. Commissioner.
Hodge v. Commissioner
Docket No. 3004-68.
United States Tax Court
T.C. Memo 1970-280; 1970 Tax Ct. Memo LEXIS 80; 29 T.C.M. (CCH) 1313; T.C.M. (RIA) 70280; October 1, 1970. Filed *80 Leroy Hodge, pro se, Bank Bldg., Hamilton, N. Y. Stephen M. Miller, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined deficiencies in the income tax of petitioners for the taxable years 1964, 1965, and 1966 in the respective amounts of $112.71, $821.76, and $467.71. The only issue presented by the pleadings is whether respondent has erred in disallowing to petitioners in their joint individual income tax returns the net operating losses of a small business corporation for each of the years at issue. Findings of Fact Such facts as have been stipulated are found as fact. Petitioners, husband and wife, filed joint Federal income tax returns for the taxable years 1964, 1965, and 1966 with the district director of internal revenue, Buffalo, New York. On the returns, petitioners claimed losses incurred by Kerry, Inc., a small business corporation, in the respective amounts of $2,058.96, $5,204.98, and $7,384.87. The business of Kerry, Inc., was the operation of a trout hatchery and streams. Kerry, Inc., had a total of 100 shares of stock authorized and outstanding, of which, since 1961, petitioner Elizabeth *81 Hodge (hereinafter referred to as Elizabeth) owned 99 shares and petitioner Leroy 1314 Hodge (hereinafter referred to as Leroy) owned 1 share. On March 25, 1965, Leroy individually, in form, transferred six parcels of real property, and Leroy and Elizabeth jointly, in form, transferred one parcel of real property to Kerry, Inc. Subsequent to March 25, 1965, Leroy continued to treat at least two parcels of property transferred to Kerry, Inc., as his own individual property. With respect to certain diner property located in Forestport, New York, he reported the rental income, expenses, and depreciation applicable thereto on his joint returns. With respect to certain property located in Hamilton, New York, on May 21, 1965, he executed a notarized agreement with persons named Annin in which he stated that he individually was the owner of the property. Elizabeth individually made no contributions to the capital of Kerry, Inc., during the years 1964, 1965, or 1966. Ultimate Findings of Fact The basis of petitioners' stock of Kerry, Inc., was not in excess of zero during any of the years in question. Leroy's, and in one instance Elizabeth's, claimed contributions of real *82 estate to the capital of Kerry, Inc., were sham transactions unrelated to the business of that corporation and made for the sole purpose of obtaining for themselves as losses the net operating losses of the corporation. Opinion Respondent has disallowed as deductions in the joint individual income tax returns of petitioners for each year at issue the claimed net operating losses of a small business corporation, Kerry, Inc., on the ground that their respective holdings of stock therein had a zero basis. Petitioners contend they had additional investment in the corporation by way of contributions to its capital by virtue of having transferred real property thereto against the basis of which such losses are properly a deductible offset. The statute which authorizes individual shareholders to deduct the net operating losses of a small business corporation is section 1374(a), [1] I.R.C. 1954, with the limitation provided in subsection (c)(2)(A) [2] thereof. *83 We do not have the benefit of a brief filed by petitioners and therefore have no way of understanding their position herein based upon the record as it exists. From the record as a whole, however, we find as a fact that Leroy's, and in one instance Elizabeth's, claimed contributions of real estate to the capital of Kerry, Inc., were sham transactions unrelated to the business of that corporation and made for the sole purpose of obtaining for themselves as losses the net operating losses of the corporation. Subsequent to these claimed transfers of realty to Kerry, Inc., Leroy dealt with two of such parcels as though no such transfers had taken place and it is clear to us that there was no impediment to petitioners so dealing with the remaining parcels, they being the sole stockholders of Kerry, Inc. While Leroy, who was the sole witness for petitioners, testified as to his purchase price in acquiring the properties transferred to the corporation, we have insufficient evidence upon which to find his basis therein at the time of such transfers, even were we able to find such transfers were bona fide. For lack of any evidence showing a greater basis than zero for the petitioners' stock *84 holdings in Kerry, Inc., Decision will be entered for the respondent. 1315 Footnotes
1. SEC. 1374. CORPORATION NET OPERATING LOSS ALLOWED TO SHAREHOLDERS. (a) General Rule. - A net operating loss of an electing small business corporation for any taxable year shall be allowed as a deduction from gross income of the shareholders of such corporation in the manner and to the extent set forth in this section. ↩
2. SEC. 1374(c) Determination of Shareholder's Portion. - * * * (2) Limitation. - A shareholder's portion of the net operating loss of an electing small business corporation for any taxable year shall not exceed the sum of (A) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of the shareholder's stock in the electing small business corporation, determined as of the close of the taxable year of the corporation (or, in respect of stock sold or otherwise disposed of during such taxable year, as of the day before the day of such sale or other disposition) * * *↩